**Reversed and Rendered in Part, Affirmed in Part, and Majority and Dissenting Memorandum Opinions filed August 8, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00094-CV

---

**M.A.R., Appellant**

**V.**

**DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee**

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-01122J**

---

### DISSENTING MEMORANDUM OPINION

I agree with the majority's affirmance of the trial court's judgment terminating Father's parental rights to the child, Bea. I disagree with the majority's conclusion that there is legally insufficient evidence to support the trial court's finding under Section 161.001(b)(1)(E) of the Family Code because Father engaged in conduct that endangers the physical or emotional well-being of the child.

There is evidence of the following:

- **Drug Use.** Father tested positive for marijuana no less than five times over the course of nine months after the children were removed. He refused several drug tests and was a no-show for at least another five tests.

- **Criminal History.** Father had a long criminal history with nearly a dozen convictions for drug offenses and other crimes such as burglary, theft of a firearm, and assault causing bodily injury. Father was arrested for assaulting Mother, but the charges were dismissed when she recanted.

- **Return to Mother.** After Mother was found unconscious due to intoxication while in her car with the child, Father returned the child to Mother's care one day after taking the child despite being aware of Mother's intoxication. Father was unwilling to serve as a long-term caregiver and had no place for the child to live.

- **Service Plan and Instability.** Father failed to comply with multiple provisions of his service plan, including but not limited to: attending counseling, providing evidence of stable housing and employment, completing parenting classes, and following recommendations for substance abuse treatment.

- **Missed Visits.** Father failed to attend a significant number of visits with the child. After the court changed visits from in-person to videoconference, Father also missed three of those visits.

- **Absence from Trial.** Father failed to attend trial and provided no excuse for his absence.

As the majority acknowledges: endangerment under subsection (E) is shown by jeopardizing the child's emotional health; endangerment does not require that Father's conduct be directed at the child or that the child actually suffer injury; and endangerment to the child's physical or emotional well-being

2

may be inferred from Father's misconduct alone. *See In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

I would conclude that the evidence highlighted above is sufficient to support the trial court's firm belief or conviction that Father engaged in conduct that endangered the physical or emotional well-being of the child. *See, e.g.*, *In re J.O.A.*, 283 S.W.3d 336, 345 & n.4 (Tex. 2009) (drug use); *In re Z.K.S.*, No. 14-22-00258-CV, 2022 WL 4243793, at *4–5 (Tex. App.—Houston [14th Dist.] Sept. 15, 2022, no pet.) (mem. op.) (collecting cases regarding voluntary absence from the case, failing to attempt services, and failing to maintain contact with child); *In re C.A.B.*, 289 S.W.3d 874, 886–87 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (abuse toward family member; criminal activities and imprisonment; conduct that subjects a child to a life of uncertainty and instability); *cf. In re A.J.D.-J.*, 667 S.W.3d 813, 826 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (regarding best interest of the child, failure to attend trial without excuse).

I would affirm the trial court's judgment in its entirety rather than strike the endangerment findings. Because the majority does not, I respectfully dissent.


/s/    Ken Wise
      Justice

Panel consists of Justices Wise, Bourliot, and Spain. (Spain, J., majority).

3